AO241
(Rev. 10/07)



**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

18-0604 E(4)

| **United States District Court** | District: **EASTERN DISTRICT OF LOUISIANA** |
|---|---|
| Name (under which you were convicted)<br>**DAVID PEEK** | Docket or Case No: |
| Place of Confinement:<br>**RAYBURN CORRECTIONAL CENTER** | Prisoner No:<br>**719430** |
| Petitioner (include the name under which you were convicted)<br>**DAVID PEEK** v. | Respondent (authorize person having custody of petitioner)<br>**ROBERT C. TANNER, WARDEN RAYBURN CORRECTIONAL CENTER** |
| The Attorney General of the State of Louisiana | |

U.S. DISTRICT COURT EASTERN DISTRICT OF LOUISIANA
FILED FEB 01 2018
WILLIAM W. BLEVINS CLERK

U.S. DISTRICT COURT EASTERN DISTRICT OF LOUISIANA
FILED FEB 01 2018
WILLIAM W. BLEVINS CLERK

CK

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **Twenty-second Judicial District, Washington Parish, State of Louisiana**

   (b) Criminal docket or case number (if you know): **15128943**

2. (a) Date of the judgment of conviction (if you know): ): **02/07/2017**

   (b) Date of sentencing: **02/07/2017**

3. Length of sentence: **35 years**

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: **1 count Forcible Rape, 35 years; 1 count Aggravated Incest, 25 years; 27 counts Pornography Involving Juveniles, 20 years.**

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty ☐ (3) Nolo contendere (no contest)

   ☒ (2) Guilty ☐ (4) Insanity plea

TENDERED FOR FILING
FEB 01 2018
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial or a post-trial hearing?

☐ Yes ☒ No

8. Did you appeal from the judgment of conviction?

☐ Yes ☒ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result:

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a high state court? ☐ Yes ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result:

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of Court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes ☐ No

(7) Result: ☐

(8) Date of result (if you know):

(b) If you filed any second petition, application or motion give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result:

(8) Date of result:

(c) If you filed any third petition, application, or motion, given the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result:

(8) Date of result:

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ❒ Yes ❒ No

(2) Second petition: ❒ Yes ❒ No

(3) Third petition: ❒ Yes ❒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) you available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE: ILLEGAL SEARCH AND SEIZURE**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner asserts that the search in the instant case was conducted without the authority of a valid search warrant. The search warrant was obtained by perjury in which Detective Demetria Rice lied in an affidavit used to secure a search warrant from the Honorable Judge Robert Black. The affidavit stated, "DAVID WAYNE PEEK DID COMMIT AGGRAVATED RAPE AS DEFINED IN LA. R.S. 14:42.1 AGAINST A CHILD UNDER THE AGE OF 13. WHILE INVESTIGATING 2015050610 PEEK WAS SAID TO HAVE SHOWN AN ELEVEN (11) YEAR OLD RELATIVE POROGRAPHIC IMAGES ON HIS CELL PHONE." At the time that this affidavit was signed by Detective Rice, the defendant had never been convicted of aggravated rape; Detective Rice committed perjury by swearing that this was a fact in order to obtain said search warrant.

(b) If you did not exhaust your state remedies on Ground One, explain why: Currently preparing an Application for Post-Conviction Relief.

(c) **Direct Appeal of Ground One:**

(1) If you appealed form the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO**: **ILLEGAL SEARCH AND SEIZURE**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Washington Parish Sheriff's Office illegally searched Defendant Peek's cell phone after he was arrested on May 28, 2015. In a Washington Parish Sheriff Report that was authored by a Mr. Tom Anderson, he writes, "After his arrest, his cellphone and property was collected from him as a matter of standard procedure. On his cell phone was a picture of a couple having sex. At that time the decision was made to secure the phone and get a search warrant for it's content, as this was another piece of evidence that supported Gracie's statement." This report states that a picture of a couple having sex was on his cell phone. The Washington Parish Sheriff's Office searched the contents of defendant's cell phone before the search warrant was obtained on June 23, 2015. They would not have known of the picture of the "couple having sex" if the phone had not been searched.

(b) If you did not exhaust your state remedies on Ground One, explain why: Currently preparing an Application for Post-Conviction Relief.

(c) **Direct Appeal of Ground One:**

(1) If you appealed form the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE**:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed form the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(3) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(4) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR**:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed form the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(3) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(4) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have presented in this petition been presented to the highest state court having jurisdiction? ❒ Yes ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: I am currently preparing my Application for Post-Conviction Relief.

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ❒ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

**DAVID F. CRAIG, JR. BAR # 4542**
**ASSISTANT PUBLIC DEFENDER**
**919A WASHINGTON STREET**
**FRANKLINTON, LA 70438**

(b) At arraignment and plea:

**DAVID F. CRAIG, JR. BAR # 4542**
**ASSISTANT PUBLIC DEFENDER**
**919A WASHINGTON STREET**
**FRANKLINTON, LA 70438**

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any adverse ruling in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges that judgment or sentence to be served in the future? ☐ Yes ☐ No

18. **TIMELINESS OF PETITION**: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitation as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C ) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction of other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:
I ask that my conviction and sentence be overturned and I would like to exercise my right to a jury trial.

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system of Rayburn Correctional Center on 01/30/2018.

Executed (signed) on 01/30/2018 (date).



Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID PEEK | CIVIL ACTION 18-604 |
| VERSUS | NO: |
| ROBERT TANNER, WARDEN | SECTION ~~"A" (5)~~ SECT. E MAG. 4 |

## MOTION TO STAY

David Peek is currently incarcerated in the Louisiana Department of Corrections, specifically, Rayburn Correctional Center, and hereby request a Motion to Stay Petitioner's Right to perfect and file an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254 after exhausting Petitioner's state court proceedings under collateral review, in an Application for Post-Conviction Relief.

TENDERED FOR FILING
FEB 01 2018
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

TENDERED FOR FILING
JAN 18 2018
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## FACTS

Petitioner received a sentence, February 7, 2017 for the offense of Forcible Rape, 35 years, Aggravated Incest, 25 years, and Pornography, 20 years, all sentences run concurrent with credit for time serve.

Defendant is before the Honorable Court to Stay the filing of hid 2254, so his equitable tolling period of one year shall not elapse, form the final decision rendered by the Louisiana Supreme Court.

The Petitioner needs to file his Application for Post-Conviction Relief, (Collateral Review) into the State court level, and need to prepare his proceeding forward. Therefore the tolling period of one year will elapse before this Application for Post-Conviction Relief is complete and the reason this Motion to Stay is filed herein.

WHEREFORE Petitioner Prays the Honorable Court grant the Petitioner a Stay in the proceedings so he may exhaust his claims before the Trial Court.

Respectfully submitted,

David Peek #719430
Rayburn Correctional Center
27268 Highway 21 N
Angie, Louisiana 70426

## CERTIFICATE OF SERVICE

I, David Peek, do hereby certify that the foregoing has been provided to all parties involved herein, postage pre-paid, via U.S. Mail on this 14 day of Jan, 2018.

David Peek #719430
Rayburn Correctional Center
27268 Highway 21 N
Angie, Louisiana 70426

18- 604
SECT. E MAG. 4

AO 241
(Rev. 10/07)



# Petition for Relief From a Conviction or Sentence By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

## Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ __________ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

   Clerk, United States District Court for
   Address
   City, State Zip Code

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

TENDERED FOR FILING

FEB 01 2018 aed

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Rayburn Correctional Center
27268 Hwy 21
Angie, Louisiana 70426

ZIP 70426 $ 001.84⁰
02 1W
0001393580 JAN 31 2018

Clerk, U.S. District Court
500 Poydras Street
Room C-151
New Orleans, Louisiana 70130

NOT CENSORED
Not Responsible for Contents
JAN 31 2018
RAYBURN CORRECTIONAL CENTER