UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID PEEK | CIVIL ACTION |
| VERSUS | NO. 18-0604 |
| ROBERT C. TANNER, WARDEN<br>RAYBURN CORRECTIONAL CENTER | SECTION "E"(4) |

**ORDER AND REASONS**

The petitioner, David Peek, has filed petition for writ of habeas corpus under 28 U.S.C. § 2254 from his February 7, 2017 conviction. He contemporaneously filed a motion seeking to stay the case to allow him time to exhaust state collateral review of his conviction and sentence.[1] Peek concedes that he has not yet done so, but intends to seek state post-conviction review.

It is well settled that a petitioner must have exhausted state court remedies before seeking habeas corpus review in the federal courts. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented through to the highest state court in a procedurally proper manner. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). The federal courts have long-held that "[a] federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)). Later, in *Pliler v. Ford*, 542 U.S. 225, 227 (2004), the

---

[1]The motion was referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Court's Local Rules. A magistrate judge has authority to address a non-dispositive pretrial motion to stay a proceeding, because the motion is not dispositive, an order would merely suspend the proceedings and would not result in an absolute denial of ultimate relief. *Virgin Islands Water and Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131 (3rd Cir. 2014); *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013); *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010).

Supreme Court addressed the availability of a stay-and-abeyance in connection with federal habeas petitions which may assert both exhausted and unexhausted claims.  The *Pliler* court ultimately reiterated the long-standing directive that this type of "mixed petition" be dismissed without prejudice to require complete exhaustion.  *Id*. at 233.  The Supreme Court has decreed that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," and is appropriate only when the district court determines that there was "good cause" for the failure to exhaust.  *Id*. at 277 (emphasis added).

Arguably, the type of "protective petition" now presented by Peek is allowed under Supreme Court precedent, however, <u>only</u> when the petitioner has been pursuing exhaustion diligently in a procedurally proper manner as required by law and seeks to suspend the federal filing limitations which otherwise may be compromised.  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).  This is not the situation presented by Peek.  Peek instead has wholly failed to exhaust or even seek state court direct or collateral review before filing for review in this Court.  In fact, he has indicated only an intent to pursue review of his conviction in the state courts.

In addition, initial review reflects that, at the time his federal petition was submitted, Peek had over one month of the federal limitations remaining to timely file a proper federal petition <u>after</u> properly exhausting state court review.  Although that period could expire if he does not interrupt it with a properly filed state application for post-conviction review, this possibility is not a conclusive factor in determining the propriety of a stay.

The record presented by Peek fails to demonstrate any good cause for his failure to pursue timely and proper state court review of any kind before proceeding to this federal court.  Without

2

good cause or the showing of any diligent effort by Peek, the Court is compelled to deny his request for a stay at this time. Accordingly,

**IT IS ORDERED** that Peek's **Motion to Stay (Rec. Doc. No. 5)** is **DENIED**.

New Orleans, Louisiana, this  8th  day of February, 2018.

*[signature]*

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**