UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID PEEK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-0604** |
| **ROBERT C. TANNER, WARDEN**<br>**RAYBURN CORRECTIONAL CENTER** | **SECTION "E"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.     Factual and Procedural Background

The petitioner, David Peek ("Peek"), is a convicted inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2] On August 25, 2015, Peek was indicted by a Washington Parish Grand Jury on one count of aggravated rape of a victim under age 13, one count of aggravated incest with a victim under age 13, and twenty-seven (27) counts of possession of pornography involving juveniles under age 13.[3]

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 4.

[3] St. Rec. Vol. 1 of 1, Indictment, 8/25/15.

Peek entered an initial plea of not guilty to the charges on September 2, 2015.[4] The State eventually amended the first count to forcible rape, and on February 7, 2017, Peek withdrew his former plea and entered a plea of guilty to all counts.[5] After waiver of legal delays, the Trial Court sentenced Peek to serve concurrent sentences of 35 years in prison for forcible rape with two years to be served without benefit of parole, probation, or suspension of sentence, 25 years in prison for aggravated incest without benefit of parole, probation, or suspension of sentence, and 20 years in prison on each count of possession of pornography without benefit of parole, probation, or suspension of sentence.[6]

Peek's conviction and sentences became final thirty (30) days later, on March 9, 2017, when he did not seek reconsideration of the sentence or move for leave to appeal. La. Code Crim. P. art. 914;[7] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

## II.   Federal Petition

On February 1, 2018, the clerk of this Court filed Peek's federal petition for habeas corpus relief in which he asserts the following grounds for relief:[8] (1) the search and seizure at the time

---

[4]St. Rec. Vol. 1 of 1, Minute Entry, 9/2/15. The record does not include the factual basis of the charges.

[5]St. Rec. Vol. 1 of 1, Indictment, handwritten amendment dated 12/12/16; Plea Minutes, 2/7/17; Plea of Guilty and Waiver of Rights, 2/7/17.

[6]St. Rec. Vol. 1 of 1, Plea Minutes, 2/7/17.

[7]Louisiana law requires a criminal defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1). Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[8]Rec. Doc. No. 4.

of his arrest was conducted without a valid search warrant affidavit; and (2) the search and seizure of his cell phone was illegal.

The State filed a response in opposition to Peek's federal habeas petition asserting that state court review of the claims has not been exhausted.[9]

### III.     General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[10] applies to this petition, which is deemed filed in this Court no later than January 30, 2018.[11]  The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In its opposition response, the State asserts that Peek failed to exhaust state court review of his claims.  The State notes that Peek did not appeal his conviction and did not seek state post-

---

[9]Rec. Doc. No. 13.

[10]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[11]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court received Peek's deficient petition on January 18, 2018, when it was received and filed the petition on February 1, 2018, when pauper status was granted.  Peek dated his signature on the petition January 30, 2018, which is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to this Court.

conviction review of his Fourth Amendment search and seizure claims prior to filing his federal petition. The record clearly supports the State's position that Peek did not pursue, much less exhaust, state court review of his claims before filing this federal habeas petition.

Nevertheless, Peek's unexhausted claims do not entitle him to federal habeas corpus relief. For the reasons that follow, his Fourth Amendment claims are not subject to federal habeas review and should be dismissed with prejudice despite Peek's failure to exhaust. 28 U.S.C. § 2254(b)(2).

## IV.     Standards of a Merits Review

### A.     Claims Reviewed on the Merits in the State Courts

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000). It provides different standards for questions of fact, questions of law, and mixed questions of fact and law.

A state court's determinations of questions of fact are presumed correct and the Court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2) (2006); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA. The standard provides that deference be given to the state court's decision unless the decision is "contrary to, or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485. The "critical point" in determining the Supreme Court rule

4

to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, 572 U.S. 415, __, 134 S. Ct. 1697, 1706-07 (2014) (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" *White*, 134 S. Ct. at 1706 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)).

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210 F.3d at 485. A state court's decision can involve an "unreasonable application" of federal law if it correctly identifies the governing rule but then applies it unreasonably to the facts. *White*, 134 S. Ct. at 1706-07; *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *See Williams*, 529 U.S. at 410. The Court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *Id.* "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. 685, 699 (2002).

Thus, under the "unreasonable application" determination, the Court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Price*, 538 U.S. at 641 (quoting *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006). In addition, review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B.     Claims Not Reviewed on the Merits by the State Courts**

The AEDPA's deferential standard of review under § 2254(d) and *Williams*, 529 U.S. at 362, applies only to claims adjudicated on the merits by the state courts. 28 U.S.C. § 2254(d). With respect to claims that are not fully adjudicated on the merits in state court, the deferential AEDPA standards of review do not apply. *Cullen v. Pinholster*, 563 U.S. 170, 185-86 (2011); *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003). Instead, the federal courts review those claims under pre-AEDPA *de novo* standards of review. *Id.*, at 598 (citing *Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying *de novo* standard of review to ineffective assistance of counsel claims that were raised in state court, but not adjudicated on the merits)); *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009). Thus, where necessary, the Court will apply the *de novo* review standards to the claims.

**V.     Fourth Amendment Search and Seizure (Claims 1 and 2)**

Under a broad reading, Peek asserts that the evidence in his criminal case was located following an illegal search and seizure made without benefit of a valid search warrant in violation of the Fourth Amendment. This issue was asserted by Peek's counsel in a pretrial motion to

6

suppress before the state trial court.[12] The state trial court denied the motion after a full evidentiary hearing held December 6, 2016.[13] Peek did not seek pretrial supervisory or appellate review of that ruling, nor has he pursued post-conviction review of the issue.[14]

Nevertheless, this federal court's review of Peek's Fourth Amendment claims is limited by the Supreme Court's long-standing prohibition in *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (footnotes omitted) *Id.*, at 494. The "full and fair" hearing contemplated by *Stone* refers to thoughtful consideration by the factfinder and at least the availability of meaningful appellate review by a higher state court. *Davis v. Blackburn*, 803 F.2d 807, 808 (5th Cir. 1986); *O'Berry v. Wainwright*, 546 F.2d 1204, 1213 (5th Cir. 1977).

The United States Fifth Circuit Court of Appeals has interpreted an "opportunity for full and fair litigation" to mean just that, "an opportunity." *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978); *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Caver*, 577 F.2d at 1192. "[I]t is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a

---

[12]St. Rec. Vol. 1 of 1, Motion to Suppress Evidence, 4/28/16.

[13]St. Rec. Vol. 1 of 1, Minute Entry, 12/6/16.

[14]The Court notes that the issue may be barred from state post-conviction review at this point, because it could have been but was not raised on or preserved for direct appeal. *See* La. Code Crim. P. art. 930.4(C).

defendant's use of those processes, that serves the policies underlying the exclusionary rule and bars federal habeas corpus consideration of claims under *Stone v. Powell*." *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980).

Thus, it is the opportunity to present a Fourth Amendment claim to the state courts that is the basis of the *Stone* prohibition, without regard for whether that opportunity is actually exercised or is unsuccessful. *Janecka*, 301 F.3d at 320-21. Even when a defendant fails to take advantage of the opportunity to litigate a motion to suppress or assert Fourth Amendment claims, the fact that the opportunity existed suffices for the *Stone* bar to apply. *Id.* at 320.

Peek does not allege or demonstrate that Louisiana state courts routinely or systematically preclude litigation of a defendant's Fourth Amendment claims. On the contrary, the record demonstrates that he was able to and did take advantage of the opportunity for one level of review through the unsuccessful pretrial motion to suppress the evidence. In addition, the federal courts have repeatedly recognized that "[i]t is beyond cavil that Louisiana courts provide criminal defendants the opportunity to raise Fourth Amendment claims." *Bailey v. Cain*, No. 06-839, 2007 WL 1198911, at *13 (E.D. La. Apr. 20, 2007).

Although Peek did not take advantage of the opportunity for full and complete state court review of his Fourth Amendment claims, the fact that the opportunity existed invokes the bar to federal habeas review under the doctrine of *Stone v. Powell*. Peek's Fourth Amendment claims must be dismissed for this reason.

## VI.   Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Peek's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[15]

New Orleans, Louisiana, this  26  day of July, 2018.

                                    _____
                                          **KAREN WELLS ROBY**
                                    **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[15] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.