# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID PEEK,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-604** |
| **ROBERT C. TANNER,**<br>    **Defendant** | **SECTION: "E"(4)** |

## ORDER AND REASONS

Before the Court is Petitioner David Peek's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] On March 22, 2018, the State filed a response to the Petition.[2] This matter was referred to the United States Magistrate Judge, who issued a Report and Recommendation on July 26, 2018.[3] Magistrate Judge Karen Wells Roby recommended that the Petition be dismissed with prejudice.[4] Petitioner timely objected to the magistrate judge's Report and Recommendation.[5] For the reasons that follow, the Petition is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Petitioner David Peek is currently incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[6] On February 7, 2017, Petitioner pled guilty to one count of forcible rape of a victim under age thirteen, one count of aggravated incest with a victim under age thirteen, and twenty-seven counts of possession of pornography

---

[1] R. Doc. 4.
[2] R. Doc. 13.
[3] R. Doc. 15.
[4] *Id.* at 8.
[5] R. Doc. 18.
[6] R. Doc. 4.

involving juveniles under age thirteen.[7] That day, Petitioner was sentenced to serve concurrent sentences of 35 years in prison for forcible rape with two years to be served without benefit of parole, probation, or suspension of sentence, 25 years in prison for aggravated incest without benefit of parole, probation, or suspension of sentence, and 20 years in prison on each count of possession of pornography without benefit of parole, probation, or suspension of sentence.[8] Petitioner did not file a direct appeal or seek reconsideration of the sentence, so his conviction became final thirty days later, on March 9, 2017.[9]

On February 1, 2018, Petitioner filed the instant Petition for Writ of Habeas Corpus, presenting two grounds for relief: (1) the search and seizure at the time of his arrest was conducted without a valid search warrant affidavit[10] and (2) the search and seizure of his cell phone was illegal.[11] Petitioner indicated that these two claims were not exhausted and that he was "currently preparing an application for post-conviction relief."[12]

Concurrently with the habeas petition, Petitioner filed a Motion to Stay, asking this Court to stay the federal habeas proceeding while he exhausted his state court remedies.[13] The Court denied the Motion to Stay on February 9, 2018 because, at that time, Petitioner had not filed an application for post-conviction relief in state court.[14] The Court noted

---

[7] State Rec., Vol. 1 of 1, Indictment, 8/25/15; Indictment, handwritten amendment dated 12/12/16; Plea Minutes, 2/7/17; Plea of Guilty and Waiver of Rights, 2/7/17.
[8] State Rec., Vol. 1 of 1, Plea Minutes, 2/7/17.
[9] *See* La. Code Crim. P. art. 914; *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); *see Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914).
[10] R. Doc. 4 at 5.
[11] R. Doc. 4 at 7.
[12] R. Doc. 4 at 6-7.
[13] R. Doc. 5.
[14] R. Doc. 7.

that, at the time the federal petition was submitted, Petitioner had over one month of the federal limitations period remaining, which he could interrupt with a properly filed state application for post-conviction relief.[15]

On March 22, the State filed a response to the Petition for Writ of Habeas Corpus, asserting that the Petition should be dismissed without prejudice because Petitioner's claims are unexhausted.[16] The Magistrate Judge recommended the Petition be dismissed with prejudice because Petitioner's unexhausted claims do not entitle him to federal habeas corpus relief on the merits.[17] Petitioner timely objected to the magistrate judge's Report and Recommendation.[18]

## **LEGAL STANDARD**

In reviewing the magistrate judge's Report and Recommendation, the Court must conduct a *de novo* review of any of the magistrate judge's conclusions to which a party has specifically objected.[19] Petitioner objects to the Magistrate's recommendation that the Petition be dismissed because he filed a state application for post-conviction relief on May 5, 2018[20] and because he received ineffective assistance of trial counsel.[21] Petitioner asks that his Petition be heard, dismissed without prejudice, or stayed to allow him to exhaust his state court remedies.

---

[15] R. Doc. 7 at 2.
[16] R. Doc. 13 at 1
[17] R. Doc. 15.
[18] R. Doc. 16.
[19] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[20] R. Doc. 16 at 3-5, 15.
[21] R. Doc. 16 at 7. To the extent Petitioner raises a new claim of ineffective assistance of counsel, that claim is not properly before this Court. *See Finley v. Johnson*, 243 F.3d 215, 219 n. 3 (5th Cir. 2001) ("We have held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge.") (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir.1992)); *Patterson v. Cain*, No. 10-4587, at *5, 2012 WL 1933748 (E.D. La. May 29, 2012) (because Petitioner asserted this claim in his objection to the magistrate's report and recommendation, it has not been properly raised and is not properly before the district court).

It is well settled that a petitioner must have exhausted state court remedies before seeking habeas corpus review in the federal courts.[22] If a federal habeas petition presents claims that have not been exhausted, the court should dismiss the petition.[23] When faced with a "mixed petition"[24] containing both exhausted and unexhausted claims, a court may elect to stay the proceedings[25] or dismiss the petition without prejudice to require complete exhaustion.[26] Alternatively, the Court may deny an unexhausted or mixed petition on the merits, notwithstanding the Petitioner's failure to exhaust the remedies available in state court.[27] When reviewing an unexhausted claim on the merits, AEDPA's deferential standard of review does not apply. Instead, the federal courts review unexhausted claims under a *de novo* standard of review.[28]

## LAW AND ANALYSIS

Petitioner contends that evidence in his criminal case was located following an illegal search and seizure, in violation of the Fourth Amendment.[29] The magistrate judge recommended that these claims lack merit because this Court's review of a Fourth Amendment claim is limited by the Supreme Court's holding in *Stone v. Powell*.[30] In *Stone*, the Supreme Court held, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal

---

[22] *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).
[23] *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).
[24] This petition is not a "mixed petition" containing both exhausted and unexhausted claims. None of the claims in the Petition have been exhausted.
[25] *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Pliler v. Ford*, 542 U.S. 225, 227 (2004).
[26] *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).
[27] 28 U.S.C. § 2254(b)(2).
[28] *Cullen v. Pinholster*, 563 U.S. 170, 185-86 (2011); *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009).
[29] In objection to the magistrate judge's report and recommendation, Petitioner argues his trial counsel was ineffective in failing to "perfect and file the violation of the Fourth Amendment claim." Petitioner represents that he included this claim in his state application for post-conviction relief. To the extent Petitioner raises a new claim, that claim is not properly before this Court. *See* sources cited *supra* n. 21.
[30] 428 U.S. 465 (1976).

4

habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[31] The "full and fair" hearing contemplated by *Stone* refers to thoughtful consideration by the factfinder and at least the availability of meaningful appellate review by a higher state court.[32] The Fifth Circuit has held that "the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes[,]" is what bars federal habeas review of Fourth Amendment claims under *Stone*.[33]

Petitioner was afforded an opportunity for full and fair litigation of his Fourth Amendment claims in state court. Before Petitioner entered a guilty plea, his trial counsel filed a Motion to Suppress, based on a lack of probable cause in the sworn affidavit included with the search warrant application.[34] The state trial court denied the motion after a full evidentiary hearing held December 6, 2016.[35] Peek declined the opportunity for full and fair litigation of his Fourth Amendment claim because he failed to seek pretrial supervisory or appellate review of that ruling. Petitioner's failure to take advantage of a further opportunity for full and fair review does not overcome the *Stone* bar to federal review of his Fourth Amendment claim. On *de novo* review, the Court concludes Petitioner is not entitled to relief on the merits of his claims. As a result, there is no reason to stay this case or dismiss without prejudice to allow Petitioner to return to state court to exhaust these claims.[36]

---

[31] *Id.* at 494 (footnotes omitted).
[32] *Davis v. Blackburn*, 803 F.2d 807, 808 (5th Cir. 1986); *O'Berry v. Wainwright*, 546 F.2d 1204, 1213 (5th Cir. 1977).
[33] *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980); *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002).
[34] State Rec., Vol. 1 of 1, Motion to Suppress filed 4/28/16.
[35] State Rec., Vol. 1 of 1, Minute Entry, 12/6/16.
[36] If the Court dismissed this action without prejudice, any subsequent federal habeas review would be time barred. Petitioner's conviction and sentence became final on March 9, 2019. Petitioner did not file a state

## CONCLUSION

For the reasons above, the Court **APPROVES** the Magistrate Judge's Report and Recommendations and **ADOPTS** it as its opinion in this matter.[37]

**IT IS ORDERED** that Petitioner David Peek's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus is hereby **DISMISSED WITH PREJUDICE**.[38]

**New Orleans, Louisiana, this 10th day of June, 2019.**

                                        **SUSIE MORGAN**
                                **UNITED STATES DISTRICT JUDGE**

---

court application for post conviction relief until May 5, 2018. The AEDPA one-year statute of limitations is not tolled during the pendency of a federal habeas application. *Rhines*, 544 U.S. at 275.
[37] R. Doc. 15.
[38] R. Doc. 1.